IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD CARPENTER and : | |
| GERTRUDE CARPENTER, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:07-CV-0221-JOF |
| : | |
| BRIAN BECKER, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiffs' motion for default judgment [3-1].

**I.   Background**

    **A.   Procedural History and Complaint**

Plaintiffs, Donald and Gertrude Carpenter, filed suit against Defendant, Brian Decker, on January 25, 2007, alleging various fraudulent credit actions. Return of service was filed on March 14, 2007, showing that a sheriff personally served Defendant Brian Decker on February 6, 2007. Defendant has not answered Plaintiffs' complaint. On June 5, 2007, Plaintiffs filed the instant motion for default judgment.

Although it is not particularly clear, Plaintiffs' complaint raises a cause of action under the Federal RICO statute, 18 U.S.C. §§ 1961-1968. *See* Cmplt., ¶ 1. It appears

Plaintiffs seek to plead predicate acts under various criminal statutes of extortionate credit transactions, in violation of 18 U.S.C. §§ 891-894; identity fraud, in violation of 18 U.S.C. §§ 1028-1029; mail fraud, in violation of 18 U.S.C. § 1341; financial institution fraud, in violation of 18 U.S.C. § 1344; and forgery to correct unlawful fraud practices, in violation of 18 U.S.C. § 1543.  *Id.*

Specifically, Plaintiffs allege that Defendant Brian Becker obtained credit cards and loans using the identification of Donald and Gertrude Carpenter without their knowledge. *Id.*, ¶ 6(a).  Defendant defrauded lending institutions by using the name and Social Security Number of Plaintiffs to obtain these credit cards.  *Id.*, ¶ 6(b).  These credit cards include ones issued by:  Bank of America, Capital One, Limited Express, Victoria's Secret, Chase, WTCA Federal Credit Union, The Banana Republic, ESL Federal Credit Union, and Sears, as well as a loan from Norwest Finance.  *Id.*, ¶¶ 6(c)-6(p).

**B.     Contentions**

In their complaint, Plaintiffs ask the court to issue a judgment declaring that Defendant willfully applied for credit cards and loans using the personal information of Plaintiffs and fraudulently obtained funds, merchandise, and services as a result of the fraud; order Defendant to repay the loans and credit card balances; and award Plaintiffs compensatory and punitive damages, as well as attorney's fees and costs.  *See id.*, Prayer for Relief.

2

In their motion for default judgment, Plaintiffs do not provide any further explanation of their legal claims. Plaintiffs do, however, submit affidavits testifying to a total damage amount of $108,913, with no more specific information than the total. Plaintiffs contend they are entitled to default judgment of $108,913 in damages, $2,500 in attorney's fees and $378.50 in costs against Defendant.

## II.   Discussion

Defendant has not answered Plaintiffs' complaint. Plaintiffs have offered sufficient proof of service of process. Therefore, Plaintiffs are entitled to entry of default pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of the Court is DIRECTED to ENTER DEFAULT against Defendant.

The court must now consider Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). The court may grant default judgment on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). By its default, the defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because Defendant Becker is in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are

3

not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the [defendant] of [its] liability and of the [plaintiff's] right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Defendant Decker are sufficient to establish both Defendant Decker's liability and the amount of damages such that Plaintiffs' motion for default judgment must be granted.

Of course, the criminal statutes cited by Plaintiffs in the first paragraph of their complaint are not actionable in civil court on their own. The court assumes that they are pled as predicate acts to a civil RICO claim. Title 18 U.S.C. § 1962(c) makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Id.*

Thus, "in order to establish a federal civil RICO violation under § 1962(c), the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (per curiam) (quotation and citation omitted).

A RICO "enterprise" is defined to include any "individual, partnership, corporation, association of other legal entity, and any union or group of individuals associated in fact

4

although not a legal entity." *See* 18 U.S.C. § 1961(4); *see also Williams*, 465 F.3d at 1283-84. The statute can be satisfied with a showing of a group of persons "associated for a common purpose of engaging in a course of conduct" which then functions as a "continuing unit." *See United States v. Turkette*, 452 U.S. 576, 583 (1981). The "definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes." *See Williams*, 465 F.3d at 1284 (citing *United States v. Goldin Industries, Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000)).

Brian Decker is the only individual named as a defendant in Plaintiffs' complaint. Nowhere in the complaint do Plaintiffs allege that Brian Decker was associated with any other group or individual to engage in a course of conduct of committing predicate crimes. Plaintiffs' complaint is simply devoid of any allegation of "enterprise" at all. Even accepting the allegations of Plaintiffs' complaint that the court deems admitted by Defendant Decker's default, the court finds they are not sufficient to establish any RICO liability on the part of Defendant Decker. For this reason, the court DENIES Plaintiffs' motion for default judgment [3-1].

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 28th day of December 2007.


                                                                               <u>s/ J. Owen Forrester</u>
                                                                                 J. OWEN FORRESTER
                                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)